**E-FILED**
Thursday, 29 March, 2007 02:30:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-2187 |
| ) | |
| LORALI SEABOLT, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES MARSHAL'S REPORT OF SALE

  I, STEVEN D. DEATHERAGE, the United States Marshal for the Central District of Illinois, respectfully report that none of the Defendants in this cause having paid the amount due as required by the Decree and Order Directing Foreclosure and Sale entered herein on August 24, 2006, within the time limited by such Decree, I duly advertised for sale at public vendue to the highest and best bidder at the front door of the Courthouse of Kankakee County, in the City of Kankakee, Illinois, on the 21st day of November 2006, at the hour of 10:00 A M., by causing a Notice thereof, containing the title of said cause, the names of the parties hereto, the name of the Court in which said cause was pending, a description of the premises sought to be sold, and a statement of the time, place and terms of sale to be published once each week for four (4) consecutive weeks in *The Daily Journal*, a secular newspaper of general circulation printed and published in the City of Kankakee, Illinois, which newspaper has been regularly published in said City for more than six (6) months continuously and immediately prior to the first publication of said Notice, the first publication of said Notice was on October 23, 2006, and the last publication on November 13, 2006, all of which appears from a Certificate of Publication on file in this cause.

  1. At the time and place designated for the sale ordered herein, the undersigned offered said premises for sale to the highest bidder and MICHAEL SOUCIE and DAVID SOUCIE bid the sum of ONE HUNDRED TWENTY-ONE THOUSAND DOLLARS ($121,000.00), and that being the highest bid offered, I sold said real estate to said highest bidder.

  2. Said purchaser paid to plaintiff the amount of said bid in full satisfaction of said Judgment of Foreclosure.

  3. The undersigned has executed a Certificate of Sale and is causing to be filed in the Office of the Recorder of Deeds of said county, the original or a duplicate original of said certificate.

  4. The total amount of indebtedness secured by the mortgage foreclosed herein and the Judgment of Foreclosure entered herein and the deficiency, if any, are computed as follows:

Amount found due in judgment as of 8/24/06:

| | |
|---|---:|
| Unpaid principal balance | $128,191.09 |
| Accrued interest at $17.91 per day from 8/24/06 thru 11/21/06, the date of sale (89 days) | $ 1,593.99 |
| Total | $129,785.08 |

Costs of Sale:

| | | |
|---|---:|---:|
| Marshal's commission | $1,830.00 | |
| Marshal's fee for conducting sale | $ 188.40 | |
| Marshal's fee for service of summons | $ 215.00 | |
| Docket Fee | $ 250.00 | |
| Recording Notice of Foreclosure | $ 25.00 | |
| Publication charges | $1,100.00 | $ 3,608.40 |
| Total amount of indebtedness | | $133,393.48 |
| Amount of bid at sale | | $121,000.00 |
| Amount of deficiency | | $ 12,393.48 |

5. It is also reported:

   i)  A notice required in accordance with 735 ILCS 5/15-1507(c) was given;

   ii) The terms of sale were fair and not unconscionable;

   iii) The sale was conducted fairly and without fraud;

   iv) Justice was done by the sale.

     6. The Notice of Sale, the judgment of foreclosure and the complaint for foreclosure contained a scrivener's error that included an additional adjoining 0.12 acres of land owned by the defendant mortgagor, Lorali Seabolt, that was not mortgaged to the United States of America.

      7. Michael Soucie and David Soucie in good faith at said foreclosure sale bid the winning sale price of $121,000 for the mortgaged Tract I, and also for Tract II that was not part of the mortgage, and that should not have been sold at the judicial foreclosure sale, with said Tract II, more particularly described as follows:

      Tract II: A part of Lot 23 of the Subdivision of Section 22 and 27, Township 31 North, Range 10 East of the Third Principal Meridian in the Village of Bonfield, Kankakee County, Illinois, described as follows: Commencing at the Southwest corner of Lot 14 in Snyder-Wenzelman Subdivision First Addition; thence South 00 degrees 04 minutes 01 second East along the East line of Church Street a distance of 120.03 feet to an iron rod; thence South 89 degrees 45 minutes 41 seconds East a distance of 350.00 feet to an iron rod, said point to be known as the point of beginning. From said point of beginning; thence continuing South 89 degrees 45 minutes 41 seconds East a distance of 41.58 feet to an iron rod; thence South 00 degrees 08 minutes 06 seconds West a distance of 120.08 feet to an iron pipe; thence North 89 degrees 45 minutes 10 seconds West a distance of 41.15 feet to an iron rod; thence North 00 degrees 04 minutes 01 second West a distance of 120.08 feet to the point of beginning, containing 0.12 acres, SUBJECT to rights-of-way for roads, drainage and easements apparent or of record, and being part of parcel real estate index no. 07-22-400-039.

      8. To resolve this dilemma, Lorali Seabolt, the debtor, has agreed to sell this Tract II to Michael Soucie and David Soucie for the sale price of $950. Because this error is attributed to the United States of America, plaintiff, the United States of America on behalf of Rural Development, has agreed for the United States Marshal to pay to Lorali Seabolt through her bankruptcy attorneys, Ostling and Associates, this $950 that shall be regarded as an additional expense of sale after this Report of Sale is approved by this Court. The Order approving this Report of Sale is sufficient to authorize the United States Marshal to pay from these sales proceeds this additional $950 to the law firm of Ostling and Associates. Said payment shall be made after the Office of the United States Attorney receives the executed quitclaim deed for this 0.12 acres described above whereby title to said tract is transferred by Lorali Seabolt to Michael Allen Soucie, a married person, and David Paul Soucie, a single person, as tenants in common and not in joint tenancy.

      9. After this sale is approved by this Court, the law firm of Ostling and Associates shall reopen the closed bankruptcy of Lorali Seabolt and seek an order from the bankruptcy court approving the sale of the above-described 0.12 acres by Lorali Seabolt to Michael Allen Soucie, a married person, and David Paul Soucie, a single person, as tenants in common and not in joint tenancy. After this sale is approved, the law firm of Ostling and Associates will obtain the signed quitclaim deed from Lorali Seabolt and send it to the Office of the United States Attorney. Upon receipt of the signed deed, the Office of the United States Attorney, in compliance with the order approving this report of sale, will direct the United States Marshal to disburse $950 of these mortgage sales proceeds to the law firm of Ostling and Associates on behalf of Lorali Seabolt, and then shall forward the executed quitclaim deed for this 0.12 acres to Michael Allen Soucie on behalf of David Paul Soucie and himself.

10. Once this report of sale is approved, there will be no just reason to delay either enforcement of or appeal from entry of said order. However, this Court will retain subject matter and in personam jurisdiction over the parties to this foreclosure proceeding to enforce the terms of said order.

Respectfully submitted this 27th day of February 2007.

s/Steven D. Deatherage
STEVEN D. DEATHERAGE
UNITED STATES MARSHAL
CENTRAL DISTRICT OF ILLINOIS