**E-FILED**
Wednesday, 18 April, 2007  02:56:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-2187 |
| | ) | |
| LORALI SEABOLT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER APPROVING UNITED STATES
MARSHAL'S REPORT OF SALE**

This matter having come to be heard in open court with proper notice of hearing this 18th day of April 2007, and this Court, after having been fully advised in the premises hereby finds as follows:

1.  None of the Defendants in this cause having paid the amount due as required by the Decree and Order Directing Foreclosure and Sale entered herein on August 24, 2006, within the time limited by such Decree.

2.  Consequently, United States Marshal Steven D. Deatherage, duly advertised the foreclosed real estate for sale at public vendue to the highest and best bidder at the front door of the Courthouse of Kankakee County, in the City of Kankakee, Illinois, on the 21st day of November 2006, at the hour of 10:00 A M., by causing a Notice thereof, containing the title of said cause, the names of the parties hereto, the name of the Court in which said cause was pending, a description of the premises sought to be sold, and a statement of the time, place and terms of sale to be published once each week for four (4) consecutive weeks in *The Daily Journal*, a secular newspaper of general circulation printed and published in the City of Kankakee, Illinois, which newspaper has been regularly published in said City for more than six (6) months continuously and immediately prior to the first publication of said Notice, the first publication of said

Notice was on October 23, 2006, and the last publication on November 13, 2006, all of which appears from a Certificate of Publication on file in this cause.

3.  At the time and place designated for the sale ordered herein, the United States Marshals Service offered said premises for sale to the highest bidder and MICHAEL SOUCIE and DAVID SOUCIE bid the sum of ONE HUNDRED TWENTY-ONE THOUSAND DOLLARS ($121,000.00), and that being the highest bid offered, the United States Marshals Service sold said real estate to said highest bidder.

4.  Said purchaser paid to plaintiff the amount of said bid in full satisfaction of said Judgment of Foreclosure.

5.  The United States Marshal executed a Certificate of Sale and is causing to be filed in the Office of the Recorder of Deeds of said county, the original or a duplicate original of said certificate.

6.  The total amount of indebtedness secured by the mortgage foreclosed herein and the Judgment of Foreclosure entered herein and the deficiency, if any, are computed as follows:

Amount found due in judgment as of 8/24/06:

| | | |
|---|---|---|
| Unpaid principal balance | | $128,191.09 |
| Accrued interest at $17.91 per day from 8/24/06 thru 11/21/06, the date of sale (89 days) | | $   1,593.99 |
| Total | | $129,785.08 |

Costs of Sale:

| | | |
|---|---|---|
| Marshal's commission | $1,830.00 | |
| Marshal's fee for conducting sale | $  188.40 | |
| Marshal's fee for service of summons | $  215.00 | |
| Docket Fee | $  250.00 | |
| Recording Notice of Foreclosure | $    25.00 | |
| Publication charges | $1,100.00 | $   3,608.40 |
| Total amount of indebtedness | | $133,393.48 |
| Amount of bid at sale | | $121,000.00 |
| Amount of deficiency | | $ 12,393.48 |

7.  A notice required in accordance with 735 ILCS 5/15-1507(c) was given.

8.  The terms of sale were fair and not unconscionable.

9.  The sale was conducted fairly and without fraud.

10.  Justice was done by the sale.

11.    The Notice of Sale, the judgment of foreclosure and the complaint for foreclosure contained a scrivener's error that included an additional adjoining 0.12 acres of land owned by the defendant mortgagor, Lorali Seabolt, that was not mortgaged to the United States of America.

12.   Michael Soucie and David Soucie in good faith at said foreclosure sale bid the winning sale price of $121,000 for the mortgaged Tract I , and also for Tract II that was not part of the mortgage, and that should not have been sold at the judicial foreclosure sale, with said Tract II, more particularly described as follows:

> Tract II: A part of Lot 23 of the Subdivision of Section 22 and 27, Township 31 North, Range 10 East of the Third Principal Meridian in the Village of Bonfield, Kankakee County, Illinois, described as follows: Commencing at the Southwest corner of Lot 14 in Snyder-Wenzelman Subdivision First Addition; thence South 00 degrees 04 minutes 01 second East along the East line of Church Street a distance of 120.03 feet to an iron rod; thence South 89 degrees 45 minutes 41 seconds East a distance of 350.00 feet to an iron rod, said point to be known as the point of beginning.  From said point of beginning; thence continuing South 89 degrees 45 minutes 41 seconds East a distance of 41.58 feet to an iron rod; thence South 00 degrees 08 minutes 06 seconds West a distance of 120.08 feet to an iron pipe; thence North 89 degrees 45 minutes 10 seconds West a distance of 41.15 feet to an iron rod; thence North 00 degrees 04 minutes 01 second West a distance of 120.08 feet to the point of beginning, containing 0.12 acres, SUBJECT to rights-of-way for roads, drainage and easements apparent or of record, and being part of parcel real estate index no. 07-22-400-039.

13.  To resolve this dilemma, Lorali Seabolt, the debtor, has agreed to sell this Tract II to Michael Soucie and David Soucie for the sale price of $950. Because this error

is attributed to the United States of America, plaintiff, the United States of America on

behalf of Rural Development, has agreed for the United States Marshal to pay to

Lorali Seabolt through her bankruptcy attorneys, Ostling and Associates, this $950 that

shall be regarded as an additional expense of sale after this Report of Sale is approved by this

Court.

14.  The Order approving this Report of Sale is sufficient to authorize the United States

Marshal to pay from these sales proceeds this additional $950 to the law firm of Ostling and

Associates.

15.  Said payment shall be made after the Office of the United States Attorney receives

the executed quitclaim deed for this 0.12 acres described above whereby title to said tract is

transferred by Lorali Seabolt to Michael Allen Soucie, a married person, and David Paul Soucie,

a single person, as tenants in common and not in joint tenancy.

16.  After this sale is approved by this Court, the law firm of Ostling and Associates shall

reopen the closed bankruptcy of Lorali  Seabolt and seek an order from the bankruptcy court

approving the sale of the above-described 0.12 acres by Lorali Seabolt to Michael Allen Soucie,

a married person, and David Paul Soucie, a single person, as tenants in common and not in joint

tenancy.

17.  After this sale is approved, the law firm of Ostling and Associates will obtain the

signed quitclaim deed from Lorali Seabolt and send it to the Office of the United States

Attorney.

18.  Upon receipt of the signed deed, the Office of the United States Attorney, in

compliance with the order approving this report of sale, will direct the United States Marshal to

disburse $950 of these mortgage sales proceeds to the law firm of Ostling and Associates on

behalf of Lorali Seabolt, and then shall forward the executed quitclaim deed for this 0.12 acres to

Michael Allen Soucie on behalf of David Paul Soucie and himself.

IT IS THEREFORE ORDERED:

A.  That the report of the sale by the United States Marshal is approved and the sale is confirmed.

B.  That there is no deficiency judgment ordered in favor of the Plaintiff.

C.  The United States Marshal is directed to forthwith issue a deed to the holder of the Certificate of Sale, sufficient to convey title pursuant to 735 ILCS 15-1509(a).

D.      D.  The holder of the certificate of sale or deed issued pursuant to the Certificate shall be entitled to possession immediately upon approval of the Report of Sale.

E.  The United States Marshal is authorized to pay to Lorali Seabolt in care of her attorneys, Ostling and Associates, the sum of nine hundred fifty dollars ($950) from this bid purchase price in consideration and exchange of Lorali Seabolt quitclaiming her interest in the following additional described real estate to wit:

> Tract II: A part of Lot 23 of the Subdivision of Section 22 and 27, Township 31 North, Range 10 East of the Third Principal Meridian in the Village of Bonfield, Kankakee County, Illinois, described as follows: Commencing at the Southwest corner of Lot 14 in Snyder-Wenzelman Subdivision First Addition; thence South 00 degrees 04 minutes 01 second East along the East line of Church Street a distance of 120.03 feet to an iron rod; thence South 89 degrees 45 minutes 41 seconds East a distance of 350.00 feet to an iron rod, said point to be known as the point of beginning.  From said point of beginning; thence continuing South 89 degrees 45 minutes 41 seconds East a distance of 41.58 feet to an iron rod; thence South 00 degrees 08 minutes 06 seconds West a distance of 120.08 feet to an iron pipe; thence North 89 degrees 45 minutes 10 seconds West a distance of 41.15 feet to an iron rod; thence North 00 degrees 04 minutes 01 second West a distance of 120.08 feet to the point of beginning, containing 0.12 acres, SUBJECT to rights-of-way for roads, drainage and easements apparent or of record, and being part of parcel real estate index no. 07-22-400-039.

to Michael Soucie, a married person, and David Soucie, a single person, as tenants in common and not in joint tenancy.

F. Said $950 payment shall be made by the United States Marshals Service after the Office of the United States Attorney receives the executed quitclaim deed from Lorali Seabolt to Michael Soucie, a married person, and David Soucie, a single person, as tenants in common and not in joint tenancy, which shall be executed after the Bankruptcy Court for the Central District of Illinois approves this sale in the debtor's bankruptcy case that will be reopened by her

bankruptcy attorneys, Ostling and Associates, for approval of this sale.

      E.  That there is no just reason to delay enforcement of or appeal from this final order,

and this Court retains jurisdiction to enforce the terms of this order.

ENTERED this 18th day of April, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE
